### JENSEN et al. v. VAN NORMAN CO.
### Civ. 4024.

United States District Court
D. Minnesota, Fourth Division.
May 15, 1952.

This cause comes before the Court upon defendant's motion to dismiss, or, in lieu thereof, to quash the service of the summons and complaint upon the grounds that defendant is a foreign corporation not subject to the service herein and that defendant was not properly served with process.

Dorsey, Colman, Barker, Scott & Barber by Leavitt R. Barker and Peter Dorsey, of Minneapolis, Minn., for defendant in support of motion.

Heinrich J. Kuhlman, of Minneapolis, Minn., for plaintiff in opposition thereto.

NORDBYE, Chief Judge.

Plaintiff seeks to recover damages for alleged breach of contract growing out of an alleged sale by the defendant to the plaintiff of a machine designated as a Van Norman crank shaft regrinder. Defendant is a Massachusetts corporation with its principal place of business at Springfield, Massachusetts. It is not qualified to do business in Minnesota. It is engaged in the manufacture of machine tools for the reconditioning of certain automobile units. It sells its product in Minnesota through one M. D. Rice, a resident of Minneapolis, upon whom service of the summons was made in the instant proceeding. Rice is designated by the defendant as its "service representative in Minneapolis." He is the defendant's sole representative in this State. He obtains orders for defendant's product from customers in this State, as well as in several adjoining States. These orders are forwarded to Springfield for acceptance. The price and terms must be accepted at the Home Office. Rice has no authority to take any final orders for defendant's product, nor is he authorized to approve finally credits, terms, or discounts. The product purchased is shipped direct from Springfield to the purchaser. Rice is paid on a commission basis with a drawing account. The machines manufactured and sold by the defendant average in price from $875 to $27,000. The amount of defendant's product which flows into this State annually is substantial. There are some 100 customers to which Rice sells defendant's product in the State of Minnesota.

It will be noted that defendant designates Rice as its "service representative." And when the transaction with plaintiff was being negotiated, plaintiff was notified by letter from the defendant that it had been in "telephone conversation with our M. D. Rice, service representative in Minneapolis, regarding the disposition of a Van Norman III regrinder now in possession of Mr. Emil Erickson in Hibbing. Mr. Rice informed us that you might be interested in acquiring title and possession of this equipment and requested that we forward to you figures covering the balance due on this regrinder." Then follows the terms and the purchase price. It will be observed, therefore, that the machine involved in this transaction had its situs in Minnesota at the time of the alleged sale to plaintiff. Correspondence between Rice and plaintiff regarding the proposed purchase took place at about this time, and Rice's letter to the plaintiff was written on stationery entitled "Van Norman Company Interoffice Correspondence."

The showing further indicates that, in addition to the solicitation of orders in Minnesota, Rice, when necessary, instructs purchasers as to the manner in which the machines are to be used. If complaints were made as to a breach of warranty or as to any trouble in the operation of the machine, he investigates the matter for the defendant, and if he finds

a defective part, he sends it to the factory for replacement, subject, however, to the defendant's approval. If an account is in arrears, he is notified by the defendant of the situation, and he goes to the customer, makes an investigation, and then makes his recommendation to the defendant as to the manner in which the account should be handled. Any service that may be required for the various machines in this State is taken care of by Rice except when a matter arises that requires the attention of a specialist; then Rice notifies the Home Office, and a service specialist is sent out from Springfield. In view of this situation, therefore, it seems obvious that Rice is more than a mere salesman soliciting orders in Minnesota. He designates himself on his business card as a service engineer for the Van Norman Company. Rice was sworn as a witness, and in recounting his activities, he designates these extra services on his part as being directed to the maintenance of good-will with reference to his personal customers. But manifestly such activities also redound to the benefit of the defendant. Defendant necessarily must have a representative in this State who can perform these functions for it. This it recognizes by holding out to the trade in this State that, in addition to being a mere salesman, Rice is its "service representative." That the corporate presence of the defendant is here within the teachings of the Minnesota decisions seems reasonably free from doubt. As the Minnesota Supreme Court stated in Continental C. & S. Management v. American Broadcasting Co., 230 Minn. 217, 220, 41 N.W.2d 263, 265, "While it is established that an agent's presence here for the solicitation of orders alone is insufficient to establish the presence of a foreign corporation here, the rule 'readily yields to slight additions.'" The "additions" reflected on this showing would seem to be sufficient to justify a finding that defendant was present here at the time of this service and that Rice was its proper agent for the service of such process.

It follows, therefore, that defendant's motion must be, and the same hereby is, in all things denied. It is so ordered.

An exception is allowed.